UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

JOSEPH BUNCE,

                    Petitioner,                **MEMORANDUM & ORDER**
                                                25-CV-5436 (EK)
          -against-

WARDEN, SUFFOLK COUNTY JAIL,

                    Respondent.

------------------------------------x
ERIC KOMITEE, United States District Judge:

          Petitioner Joseph Bunce has been charged with criminal possession of a weapon and reckless endangerment in the New York State Supreme Court, Suffolk County.  He filed the instant petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, challenging the state trial court's denial of his motion to dismiss the indictment.  Petitioner's motion to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915.  The petition, however, is dismissed as premature.

## I.   Discussion

          Bunce stands charged with criminal possession of a weapon and reckless endangerment in state court.  Croce Aff. ¶ 3, ECF No. 11.  In that case, he moved to dismiss the indictment, arguing that the government's certificate of compliance under New York Criminal Procedure Law Section 245.50 was invalid and that the government failed to provide certain

discoverable materials.  In June 2025, the state trial court denied his motion.  In October 2025, petitioner pled guilty to one count of Attempted Criminal Possession of a Weapon in the Second Degree.  As of the date of the government's reply to the instant petition, Bunce was still awaiting sentencing.  Croce Aff. ¶ 9.

A federal court has jurisdiction to hear a Section 2254 habeas petition only when the petitioner is "in custody pursuant to the *judgment* of a State court."  28 U.S.C. § 2254(a) (emphasis added).  And beyond that, a petitioner must generally exhaust available state-court remedies before seeking relief under Section 2254.  *See id.* § 2254(b); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).  Here, the state-court proceedings remain ongoing, and "there has been no judgment or adjudication on the merits."  *Williams v. Horn*, No. 06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006).  Moreover, Section 2254 is not a vehicle to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973).

Because it is clear from the face of the petition that Petitioner is entitled to no relief in this Court, the petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2

## II.  Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature.  As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue.  28 U.S.C. § 2253(c).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close the case, mail a copy of this order to petitioner, and note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    May 28, 2026
          Brooklyn, New York